UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Robert L. Follis, and
Georgia K. Follis,

       Plaintiffs,

vs.                                                   REPORT AND RECOMMENDATION

State Armory Building
Commission,

       Defendant.                       Civil No. 10-815 (DWF/RLE)

* * * * * * * * * * * * * * * * * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Application of Plaintiffs Robert L. Follis, and Georgia K. Follis, for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2. For reasons which follow, we recommend that the Plaintiffs' IFP Application be denied, and that this action be summarily dismissed.

## I. Factual and Procedural Background

The Plaintiffs' Complaint in this case suffers from a severe dearth of factual allegations. However, it can reasonably be inferred that they recently possessed some

type of interest in an armory building in Long Prairie, Minnesota, and that they were somehow divested of that interest, and removed from that building, during the past year. The Plaintiffs allege that they were "forcibly evicted" from the building; that they were given an inadequate amount of time to remove their personal property from the building; that they ultimately were "locked out of" the building before they could remove all of their personal property; and that someone -- it is unclear who-- "forcibly removed" their remaining personal property from the building, and moved it to Camp Ripley, Minnesota. See, Complaint, Docket No. 1, ¶4. According to the Complaint, the named Defendant, "State Armory Building Commission," "continues to hold the [Plaintiffs'] personal property," and "[t]his amounts to fraud, illegal seizure, and extra-judicial punishment of the plaintiffs." Id.

Based on those meager allegations, the Plaintiffs are seeking a Judgment against the Defendant in the amount of $3,000,000.00 "for the contents of the building and the property impounded at Camp Ripley." Id. at ¶5. They are also seeking an additional $250,000.00 as "punitive damages for pain and suffering." Id.

II. Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff seeks relief against a party who is legally immune from the plaintiff's claims. See,

Title 28 U.S.C. §1915(e)(2)(B)(iii). Here, the Plaintiffs have explicitly alleged in their Complaint that the named Defendant, State Armory Building Commission, "is an arm of a state, or state entity." Complaint, supra at ¶3. However, under the Eleventh Amendment to the Constitution, States and their agencies are immune from suits for damages that are brought in Federal Court.

Federal case law consistently holds that States and their agencies are immune from suit in Federal Court under the Eleventh Amendment, unless the State has consented to being sued, see Alabama v. Pugh, 438 U.S. 781, 782 (1978), or Congress has abrogated the State's immunity by some **express statutory** provision. See, Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). In this case, the Plaintiffs have offered no reason to believe that the named Defendant has consented to being sued in Federal Court, and the Plaintiffs have not identified any act of Congress, or of the State of Minnesota, that would abrogate the Defendant's constitutional immunity. Therefore, we find that the Plaintiffs' present attempt to sue the Defendant is clearly barred by the Eleventh Amendment.

Since the named Defendant in this case is immune from being sued in Federal Court, we recommend that the Plaintiffs' Complaint be summarily dismissed pursuant

to Title 28 U.S.C. § 1915(e)(2)(B)(iii). We further recommend that the Plaintiffs' IFP Application be denied as moot.[1]

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> [Docket No. 2] be denied as moot.

2. That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(iii).

Dated: March 29, 2010          *s/Raymond L. Erickson*
                                        Raymond L. Erickson
                                        CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than _April**

---

[1] We note, as an aside, that even if the Plaintiffs' Complaint were not fatally defective, their current IFP Application still could not be granted, because one of the Plaintiffs, Georgia K. Follis, has not signed it.

**12, 2010**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **April 12, 2010**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.